**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LIONEL WASHINGTON,
            Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
            Agency.

DOCKET NUMBER
DA-0752-15-0413-I-1

DATE: February 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brenda Richardson</u>, San Antonio, Texas, for the appellant.

<u>Thomas Herpin</u>, Esquire, and <u>Cecilia G. Isenberg</u>, Houston, Texas, for the
   agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
affirmed his 20-day suspension for failure to follow instructions and delay in
carrying out an assigned duty. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant is a Medical Records Technician, GS-0675-05, at the agency's South Texas Veterans Health Care System, in San Antonio, Texas. Initial Appeal File (IAF), Tab 8 at 108, 110. The agency suspended him for 20 days for Failure to Follow Instructions (2 specifications) and Delay in Carrying Out an Assigned Duty (1 specification). *Id.* at 108, 110-13. The appellant filed an equal employment opportunity (EEO) complaint, alleging that the agency discriminated against him and subjected him to a hostile work environment based on race, age, and reprisal for prior EEO activity. IAF, Tab 2 at 7-17. On May 7, 2015, the agency issued a final agency decision finding no discrimination, retaliation, or harassment. *Id.* This appeal followed. IAF, Tab 2.

¶3     The appellant asserted on appeal that the suspension was discriminatory based on his race and age, and was imposed in retaliation for prior Board appeals and EEO complaints. *Id.* at 2. The administrative judge found that the agency proved both charges by preponderant evidence. IAF, Tab 33, Initial Decision

(ID) at 2-10. The administrative judge further found that the appellant failed to show by preponderant evidence that the agency's action resulted from discrimination or retaliation. ID at 10-21. The administrative judge also found that the penalty promoted the efficiency of the service and was reasonable, and she affirmed the agency's action. ID at 21-25. The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency did not respond.

## ANALYSIS

¶4       On review, the appellant reargues the claims he raised before the administrative judge, taking issue with the findings of fact regarding whether he committed the charged conduct and whether the agency's reasons for taking the action against him were pretextual. His arguments are unpersuasive.

¶5       In particular, the appellant challenges the administrative judge's findings on the first specification of the first charge, Failure to Follow Instructions. *Id.* at 3-6. This specification involves the appellant's refusal to schedule a fact-finding meeting that he had been instructed to attend. IAF, Tab 8 at 115. The appellant's supervisor offered him a choice of days and times for scheduling such a meeting, and he did not respond to the supervisor's email request. *Id.* The fact-finding meeting pertained to an insufficiently documented request for leave under the Family and Medical Leave Act (FMLA). *Id.* at 126-27. The appellant maintains that he took the leave to care for family members, that it had been approved, and that the administrative judge erred by not recognizing those facts. PFR File, Tab 1 at 3-4.

¶6       The administrative judge, however, properly sustained the specification. An employee must comply with an agency order, even when he may have substantial reason to question it, while taking steps to challenge its validity through whatever channels are appropriate. *Pedeleose v Department of Defense*, [110 M.S.P.R. 508](), ¶ 16 (2009). Management has a fundamental right to expect that its decisions will be obeyed and its instructions carried out. *Id.* Here, the

agency instructed the appellant by email on March 3, 2014, to schedule his attendance at a fact-finding meeting because he had not submitted medical documentation in support of his request for FMLA leave for December 11, 2013. IAF, Tab 8 at 115, 125-26. The appellant responded on March 5, 2014, without answering the agency's specific request regarding his availability for the meeting, and instead asked to meet with Human Resources. *Id.* at 124. He also stated that he intended to speak with his union about receiving outside representation, and he resubmitted his FMLA application. *Id.* at 125-26. In the 2 weeks that followed, the appellant failed to set a date for a fact-finding meeting, despite his immediate supervisor's March 24, 2014 email asking him whether he was refusing to participate in the fact finding. *Id.* at 124. As of that date, the appellant still had not indicated whether he would attend the meeting. *Id.* Although he asserted that he needed time to secure representation, he did not comply with the instructions in his supervisor's email by setting a date and time for the meeting, even if he considered such a meeting to be unnecessary or the request to be a form of harassment. *See id.* at 124-25; PFR File, Tab 1 at 6. He has not provided any credible evidence that complying with his immediate supervisor's instructions would have caused irreparable harm or placed him in a dangerous situation. *See Pedeleose*, 110 M.S.P.R. 508, ¶ 17. Indeed, attending such a meeting may have assisted the appellant in obtaining the proper documentation for the December 11, 2013 absence.

¶7       The second specification of Failure to Follow Instructions arose from the appellant's failure on January 29, 2014, to correct the agency's weekly Physical Medicine and Rehabilitation Report. IAF, Tab 8 at 115. The appellant had been responsible for preparing this report for a number of years, and his responsibility included correcting the report before its release each week. *Id.* at 115, 130; Hearing Compact Disc (HCD) (testimony of the appellant's immediate supervisor). The appellant's immediate supervisor copied the Acting Assistant Chief, an employee who had on occasion served as the appellant's acting

supervisor (acting supervisor), on an email the immediate supervisor sent to the appellant regarding corrections the appellant needed to complete for the report. IAF, Tab 8 at 130; HCD (testimony of the appellant's immediate and acting supervisors). The acting supervisor testified that she received the email as a courtesy copy because the immediate supervisor had sent it in response to an email message from the appellant, which the acting supervisor also had received. HCD (testimony of the acting supervisor). The appellant asserts that his acting supervisor was jointly responsible for making the corrections. PFR File, Tab 1 at 7-10. The appellant postulates that the agency coached his acting supervisor to deny her responsibility for the report when she testified at his hearing. *Id.* at 8.

¶8       The appellant, however, presented no proof of his allegations regarding his acting supervisor, who testified that it was the appellant's sole responsibility to prepare the reports. The administrative judge strongly relied on the unrebutted testimony from the appellant's immediate and acting supervisors, both of whom she found to be credible pursuant to her analysis under the *Hillen* factors. ID at 7-8; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing factors that an administrative judge may consider when assessing a witness's credibility). The administrative judge's *Hillen* analysis addressed demeanor evidence. ID at 7. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Sufficiently sound reasons for overturning an administrative judge's demeanor-based credibility determinations include findings that are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). The appellant has not offered any such reasons for overturning the credibility findings here.

¶9    The appellant further asserts that the agency waited 4 to 5 months after the incident to bring the charge, and that the charge itself was inconsistent with his good job performance. PFR File, Tab 1 at 10-11. Even if the appellant's misconduct generally was inconsistent with his performance history, the agency proved that it occurred. ID at 3-8. Although a charge may be dismissed if an agency's delay in proposing the adverse action is unreasonable and the delay prejudiced the employee's ability to defend against the charge, *Messersmith v. General Services Administration*, 9 M.S.P.R. 150, 155 (1981), the appellant has not alleged such prejudice. In any event, we find that the delay in bringing the charge does not appear to be unreasonable on its face or to have prejudiced the appellant's ability to mount a defense.

¶10   The appellant's remaining objections on review pertain to the administrative judge's findings on the issues of discrimination, including a hostile work environment and retaliation for prior EEO activity. ID at 10-21. The appellant argues that the adverse action in this appeal is intended to sully his reputation and diminish his chances for promotion. PFR File, Tab 1 at 2-3, 18-19. He contends that his circumstances are emblematic of a larger problem: The majority of agency supervisors are Caucasian males, and persons of color are underrepresented in management.[2] *Id.* at 15-16. The appellant cites as an example of this problem the fact that the agency had not yet "boarded" him for

---

[2] The appellant included with his petition for review pages from a document entitled Commission on Care Final Report, dated June 30, 2016, to support his contention that Caucasian men are overrepresented in agency management. PFR File, Tab 1 at 21-27. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Although the Final Report was issued on the same day as the initial decision and would be considered new evidence, it does not meet the Board's standard for materiality, in that it is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The report pertains to the entire veterans' health care system, and not just the conditions at the appellant's facility. It also does not address the specific allegations in the appellant's appeal.

promotion.[3]   *Id.* at 12-13, 16-17.   He similarly argues that the administrative judge failed to allow him to present evidence of his credentials, which show that his job qualifications exceeded those of his supervisors.  *Id.* at 17.  Regarding his discrimination claim related to the suspension at issue in this appeal, the appellant asserts that both his immediate and acting supervisors refused to acknowledge that he is African-American,[4] and that the suspension is part of a pattern of "covert racism."   PFR File, Tab 1 at 12-13.   Regarding his claim of retaliation for EEO activity, the appellant asserts that the agency's actions against him, including the request to schedule a fact-finding meeting and the suspension itself, closely followed his prior EEO activity and occurred 4 to 5 months after the events underlying those actions.  *Id.* at 4-5, 10-11.  He further asserts that the agency officials' possible reference to his EEO activity during a discussion of a personnel action evidences their retaliatory animus.  *Id.* at 16.

¶11        The appellant bore the burden of proof on the issues of discrimination and retaliation, and he chose not to testify.  ID at 12; 5 C.F.R. § 1201.56(b)(2)(C). On review, he explained his fear that, if he testified, it might "elicit very emotional responses that he could not control."  PFR File, Tab 1 at 18.  The appellant, however, could have offered a statement under oath regarding his claims, and such a statement would have had evidentiary value.  *Truitt v. Department of the Navy*, 45 M.S.P.R. 344, 347 (1990) (explaining that sworn statements that are not rebutted are competent evidence of the matters asserted

---

[3] Here, the appellant is referencing the agency's failure to promote him since he was converted from a competitive-service Title 5 employee to a Title 38 employee in 2008. IAF, Tab 13 at 2-3.

[4] The appellant's immediate supervisor testified that he is Hispanic and that he is unaware of the appellant's race.  He stated that the appellant never informed him of his race, and that he is unaware of the appellant's age.  HCD (testimony of the appellant's immediate supervisor).

therein). Instead, his representative set forth his allegations in the pleadings.[5] IAF, Tab 13. The statements of a party's representative in a pleading, however, do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

¶12      In making her findings, the administrative judge relied upon the testimony of various agency witnesses, including the appellant's supervisor, the proposing official, and the deciding official. ID at 12-15, 17-21. Based in part on demeanor evidence, she found that these officials testified credibly that their actions were not motivated by discrimination or retaliation. ID at 14, 20-21. The Board will defer to such credibility determinations unless it has "sufficiently sound" reasons for overturning them. *Haebe*, 288 F.3d at 1301. The administrative judge also considered various other factors in assessing witness credibility, including witness bias, or lack thereof, and the consistency of the witnesses with one another and with other record evidence. ID at 14-15, 19-21; *see Hillen*, 35 M.S.P.R. at 458. The appellant has not identified any reason to overturn these findings other than the mere fact that he disagrees with them. *See Faucher*, 96 M.S.P.R. 203, ¶ 8.

¶13      The administrative judge considered the evidence the appellant presented in support of his allegations of discrimination and retaliation. ID at 13-14, 18-19. Even after taking such evidence at face value, she found that he had offered little information other than unsupported allegations to show that his race or age was a motivating factor in the suspension. ID at 14-15; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. She likewise found that the appellant offered no direct evidence of retaliatory motive in his suspension, ID at 19, and the circumstantial evidence he offered was not probative of retaliation, ID at 19-20. She therefore found that the appellant did not show that the

---

[5] Although the appellant's representative signed the response to the administrative judge's order on affirmative defenses under penalty of perjury, the appellant himself made no declaration or affidavit in support of the pleading. IAF, Tab 13 at 56.

proposing and deciding officials had any motive to retaliate against him for his prior EEO activity or his Board appeals. ID at 20-21. We agree with these findings.

¶14 Accordingly, we find that the appellant has offered no reason to disturb the administrative judge's findings, and we thus affirm the initial decision.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] The appellant also references an additional 14-day suspension imposed by the agency based on different charges, which is still pending at the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations. PFR File, Tab 1 at 18. That suspension is not before the Board in the instant appeal. IAF, Tab 21 at 1-2. We also find no error in the administrative judge's denial of the appellant's request to consolidate his Board appeal with his three pending EEOC cases, which include the 14-day suspension. ID at 2 n.6.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.